UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS DAVIS

    Plaintiff,                                    Civil Action No. 12-cv-14143
                                                     HON. BERNARD A. FRIEDMAN

vs.

GOVERNOR OF THE
STATE OF MICHIGAN,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and allow the complaint to be filed without prepayment of the filing fee and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed *in forma pauperis* makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss

-1-

an *in forma pauperis* complaint if it

>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if it is "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  Id. at 327-328.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

The Court lacks jurisdiction in the present case because the complaint challenges several state court orders collaterally.  The heart of the complaint appears to be plaintiff's displeasure with two separate state court judgments evicting him from some property, although his legal claim thereto is unclear, and convicting him of driving while intoxicated.  Collateral attacks on state court decisions, however, are barred by the *Rooker-Feldman* doctrine.  As the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257.  *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine.  *See*

> *also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001). In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

Tropf v. Fidelity Nat. Title Ins. Co., 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted).

Thus, plaintiff's attack on the state court judgments are clearly barred by the *Rooker-Feldman* doctrine. If plaintiff wishes to challenge the state courts' judgments, he must pursue whatever remedies are available to him in the state courts. Absent specific statutory authority, the United States District Court may not review state court judgments.

Furthermore, plaintiff takes issue with the Michigan Supreme Court Clerk, members of the Michigan Attorney Grievance Commission and the General Counsel of the Michigan Judicial Tenure Commission for declining to investigate his conclusory allegations of judicial misconduct and conspiracy. The *Rooker-Feldman* doctrine bars these claims as well. See Elrod v. Mich. Supreme Court, 104 F. App'x 506, 509 (6th Cir. 2004).

Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

12-14143

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

|  |  |
|---|---|
|  | s/Bernard A. Friedman |
| Dated: October 5, 2012 | BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |